**FAIRHOPE FABRICS, INC., Plaintiff**

v.

**MOHAWK CARPET MILLS, INC., et al.,**
**Defendants.**

**Civ. A. No. 55–1040–S.**

United States District Court
D. Massachusetts.

Sept. 15, 1959.

As Amended Sept. 21, 1959.

See also 140 F.Supp. 313.

Barlow & Barlow, Herbert B. Barlow, Providence, R. I., Dike, Thompson & Bronstein, Robert L. Thompson, James E. Mrose, Boston, Mass., Horvitz & Horvitz, Louis A. Horvitz, Fall River, Mass., Friedman, Atherton, Sisson & Kozol, Frank L. Kozol, Boston, Mass., for plaintiff.

Pennie, Edmonds, Morton, Barrows & Taylor, Leslie B. Young, New York City, Kenway, Jenney, Witter & Hildreth, Herbert P. Kenway, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This patent suit seeks damages for an alleged infringement of U. S. Patent Letters 2,476,153, issued on July 12, 1949, on an application filed August 23, 1947. It also asks for an injunction against further infringement. The plaintiff, assignee, and present owner of the patent, is a Massachusetts corporation, having a principal place of business in Fall River, Massachusetts. The defendant, Mohawk Carpet Mills, is a New York corporation, having a principal place of business in Amsterdam, New York. As the result of a merger, it is now known as the Mohasco Industries Inc. The other two defendants are, respectively, a distributor and a retailer, both doing business in Massachusetts. The manufacturer is openly defending this suit. The defendants deny infringement and assert the invalidity of the patent. The plaintiff put several, but not all, of its claims in suit. However, since the defendant has filed a counterclaim for a declaratory judgment on the entire seven claims of the patent, the patent in its entirety will be considered.

### Findings of Fact

■ The patent's title "Knitted Fabric" indicates its coverage. The disclosure is a method of knitting pile fabrics on a knitting machine. Testimony has established that pile fabric could be knitted, not only on the machine used by the plaintiff, but on older machines such as the Raschel machine manufactured by the Kidde Manufacturing Company. The Raschel machine had been in use for many years prior to the patent in suit, so that the patent in suit is limited to a product and its method of manufacture. It is not limited to rugs, which is the article in controversy, but covers a variety of pile fabrics, such as curtains, dishcloths, and kindred products. Since this is a product patent, it is well to consider it in relation to all of the possible products without limiting it to rugs and carpets. The plaintiff, in support of its patent's validity, relies in great measure on the commercial success attained under it, but does not waive its claim to producing a new and useful method of knitting rugs. Indeed, this commercial success, (and I find great commercial rewards to both the plaintiff and the defendants after the public accepted knitted carpets) is attended by so many elements that could not be described in the claims of the patent, such as design, fineness of workmanship, method of presentation to the public, reputation of the manufacturer, and the relationship between the article offered to the public and its other products, that we must confine ourselves into the inquiry of what disclosure was made by the patent in suit over the prior art, practices, and knowledge. See Foxboro Co. v. Taylor Instrument Companies, 2 Cir., 1946, 157 F.2d 226, 233. It is important to bear in mind that the defendant was an old and well established dealer in rugs with all of the usual "sales force and know-how" for the presentation of its products to the public.

■■ The defendant asserts that the patent discloses nothing new or useful over the prior art, and this is really the crux of the case before us. Commercial success, standing alone, is meaningless on the question of what are new and useful disclosures that claim the dignity of invention. The plaintiff claims a particular new and useful combination of old and well-known elements to support its claim to invention and the validity of the invention. Whether this combination is invention or the natural product of a mechanic skilled in the art must depend on the prior art and knowledge then extant.

Woven carpets, as distinguished from the knitted carpets here involved, have been made since before the dawn of Christianity. These have been woven by hand or machine. The first knitting machines came into being nearly four hundred years ago. Since then many attempts have been made to produce commercially knitted pile fabrics such as rugs, as knitting is much faster and more economical than weaving. I find that the plaintiffs were the first to achieve success, but that again begs the question of invention in its classical term

and interpretation. Prior attempts were unsuccessful because they had "bugs" in them which had to be eliminated in order to make them commercially satisfactory.

The fabric made by the plaintiff consists first of warp chain yarn stitches extending longitudinally and parallel to each other. Next, a back weft is laid into the warp stitches and passed back and forth over three or more rows of the warp chain stitches on the back of the carpet. The back wefts add strength and stiffness to the carpet. The pliability of the carpet is determined by the number of warp chain stitches which are traversed by the back weft. The next element is the pile yarn which forms a loop between the chain yarn stitches on its face. This is affixed to the combined chain yarn stitches and the back weft by laying the pile yarns into the ground fabric, rather than knitting them in. This is accomplished by preventing the yarn from passing through the bottom sides of the back weft.

There is no need to concern ourselves with the workings of the highly technical movements of the machine needles in forming pile loops or in performing other intricate movements, since knitting machines were well and extensively known when the plaintiff's application was filed. We are concerned only with the product of the knitting machine, and to a lesser degree, the method of making the product.

The accused rugs are three in number, manufactured by the defendant under the trade names of Trendtex, Royal Trendtex, and Inaugurator. The first two named are covered by the 1950 Rice patent which is not in suit. Inaugurator was never a success and was discontinued.

In the light of the status of the rug industry at the time of the plaintiff's disclosures, there appears to be little that the plaintiff contributed to the art except mechanical improvement, which resulted in commercial success and nothing more. All of the three elements claimed in its patent application (1) the warp chains, (2) the back weft, and (3) the face or pile yarn forming a pile loop, were, as plaintiff's counsel admitted, old and well known elements. In fact, in June of 1940 the J. C. Penney Co. advertised for sale drapes and curtains manufactured by Acme Summit Mills, Inc. which contained all of these elements. Likewise, Beacon Looms Inc. and Beacon Rugs Inc. (incorporated in 1941) developed knitted rugs called "Shag" and "Pebble" which contained the three elements of the claimed invention. They later developed a "twist" rug. However, in all of their products, they used the same warp chain stitches, back wefts, and face wefts, in different ratios from those in the plaintiff's product. The variation in the number of warp chain stitches which are traversed by the back weft is merely the result of choice, induced probably by the desire for a certain stiffness in the product. Pile loops were formed by causing the face wefts to be of greater length than the intervening space between the warp line of stitches. All of these various elements were well known several years before the application for the patent in suit. The above discloses the state of the prior knowledge and practices possessed by the rug-making industry as distinguished from its disclosed theory.

The patent to Springthorpe issued November 27, 1923, discloses a knitted fabric with face piles. This embodies warp chains with laid-in back wefts. The face wefts are laid into the stitches of the warp chain. The rather slight difference between Springthorpe and the patent in suit consists of the manner in which the pile yarn is laid in. In Springthorpe each pile loop is bound into adjacent stitches in the same chain while the patent in suit calls for loops bound into adjacent chains. This does not approach invention.

The only other patent necessary to consider is the Buhlman patent issued October 24, 1892, which demonstrates a warp-knitting machine with a suitable looper round which the pile threads are laid. While this machine was able to knit a variety of fabrics, it clearly can make the fabric covered by the patent

in suit. The experts offered by each of the parties were in agreement that it taught the method of connecting chain stitches by back wefts laid in, and included face pile wefts laid in and raised between adjacent chains, thus forming pile loops. As indicated, this machine could produce a variety of fabrics, as does the patent in suit.

### Conclusion of Law

From the foregoing, I find and rule that U. S. Patent 2,476,153, and all of its claims are invalid for want of invention, in view of the prior art, knowledge and practice, and by reason of the public use and sale in the United States of the patented fabric more than a year prior to the patent application.

Judgment is to be entered for the defendants with costs.